In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-09-00054-CR

____________


KEITH MORTELL HAZEL, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 337th District Court 

Harris County, Texas

Trial Court Cause No. 1136029






MEMORANDUM OPINION

 We lack jurisdiction to hear this appeal. Appellant, Keith Mortell Hazel,
pleaded guilty to the offense of aggravated robbery. In accordance with his plea
bargain agreement with the State, the trial court sentenced appellant to confinement
for five years. Along with the plea, appellant, appellant's counsel, and the State
signed a stipulation of evidence which included, among others, the following
statements: "I intend to enter a plea of guilty and understand that the prosecutor will
recommend that my punishment should be set at five years TDC; I agree to that
recommendation...Further, I waive my right of appeal which I may have should the
court accept the foregoing plea bargain agreement between myself and the
prosecutor." In addition, appellant signed the a document styled "advice of
defendant's right to appeal" that included the following admonition "The Court,
pursuant to Tex. R. App. P. 25.2, advises the Defendant as follows: (2) If you pled
guilty of no contest and accepted the punishment recommended by the prosecutor,
however, you cannot appeal your conviction unless this Court gives you permission. 
If you waived or gave up your right to appeal, you cannot appeal your conviction." 
The advice of defendant's right to appeal form was sworn to by appellant and is also
signed by the trial court judge. The trial court's judgment is stamped, "Appeal
waived. No permission to appeal granted." 

 After the trial court sentenced appellant to punishment that fell within the
terms of the plea bargain agreement, the trial court certified that this case is a plea-
bargain case and the defendant has no right to appeal. Appellant did not request the
trial court's permission to appeal any pre-trial matters, and the trial court did not give 
permission for appellant to appeal. Appellant filed a timely pro se notice of appeal. 
This appeal followed.

 We conclude that the certification of the right of appeal filed by the trial court
is supported by the record and that appellant has no right of appeal due to the agreed
plea bargain. Tex. R. App. P. 25.2(a). Because appellant has no right of appeal, we 
must dismiss this appeal "without further action." Chavez v. State, 183 S.W.3d 675,
680 (Tex. Crim. App. 2006). Accordingly, the appeal is dismissed for lack of jurisdiction.

 Any pending motions are denied as moot.

PER CURIAM

Panel consists of Chief Justice Radack, and Justices Alcala and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).